## BILLUPS v. CENTRAL LIFE ASSUR. SOC. (MUTUAL).

### No. 11776.

Court of Civil Appeals of Texas. Dallas.

Nov. 16, 1935.

Julian P. Moseley, of Longview, for appellant.

Coker, Rhea & Vickrey and Lawrence H. Rhea, all of Dallas, for appellee.

JONES, Chief Justice.

In a suit instituted in a district court of Dallas county by appellee, Central Life Assurance Society (Mutual), against appellants, G. E. Cowand, Dora Baxter, R. E. Billups, Janie Billups, Roy Harmon, John L. Martin, and Ralph Lucas, on a note indebtedness in the principal sum of $3,500, and foreclosure of a deed of trust lien on 52¾ acres of land in Ellis county, personal judgment was entered against G. E. Cowand, the maker of the note and the deed of trust, and R. E. Billups on his written assumption of the note indebtedness, for the principal, interest, and attorney fee on said note, and foreclosure of the deed of trust lien on said land. Billups had assumed the indebtedness when he purchased the land, after the debt and lien had been created. An order of sale issued, and the land was duly sold at sheriff's sale to appellee on its bid of $2,500, and a sheriff's deed executed to appellee. After this credit, there remained a deficiency judgment in the sum of $1,975.11 against Cowand and Billups.

Previous to the judgment, a receiver was appointed to take charge of the land and collect and hold the rents until further order of the court. After the judgment was rendered, and the order of sale executed, the receiver filed his report to the court showing that he had in his hands the sum of $242.92, rents collected from the tenant on the property. Later, this report was supplemented by another report, showing an additional sum of $9.55, collected from the same source. The receiver prayed for an order from the court, directing him to pay the moneys over to the party or parties entitled thereto, and for his discharge as receiver.

Appellee at once filed application to the court to have the moneys turned over to it, by virtue of its deficiency judgment against

**736**

Billups and Cowand. Billups alone answered this application, by a petition to the court, under the provisions of article 2218, as amended by the 43d Legislature (1933) c. 92, § 1 (Vernon's Ann.Civ.St. art. 2218), the terms of which permitted him to file such petition in the district court, and to allege and prove that the land at the sheriff's sale did not bring its reasonable market value. The petition alleged that the market value of the land was the sum of $5,000, and that under the terms of this statute there was no deficiency judgment. It is further alleged that, for this reason, he was entitled to receive the funds in the hands of the receiver.

On special exception presented to the court by appellee, the allegations of appellant's petition, alleging his defense to appellee's claim, under the terms of article 2218, as amended, were stricken out and judgment entered in favor of appellee for the funds in the hands of the receiver. Billups alone appealed from this judgment, and assigned error only on the action of the court in sustaining appellee's special exception to appellant's petition.

The execution of the note and the deed of trust by Cowand, and the later assumption of the payment of the note by appellant, each antedated the amendment to article 2218, but the amended statute was in force at the time the original case was tried; therefore, at the time these respective contracts were entered into, the amount of appellee's deficiency judgment was measured by the difference in the amount of the judgment and the price for which the land was sold at the sheriff's sale, there being no attack on the validity of the sheriff's sale. After the amendment of this statute by the 43d Legislature, the amount of appellee's deficiency judgment would be measured by the difference between the amount of the judgment and the reasonable market value of the land at the time of the sale, without regard to the price for which the land was sold. So that, while under the law as it existed at the time Cowand received the loan of $3,500 and executed the note, and the deed of trust, and also at the time appellant assumed payment of the loan, appellee was entitled to a deficiency judgment in the sum of $1,975.11; but after the enactment of the amended statute, under the allegations of the value of the land in appellant's petition, appellee would not be entitled to any deficiency judgment. This represents a substantial difference in the rights of the contracting parties, accomplished, not by agreement of the parties, but by the subsequent legislative enactment.

The question for decision is: Is such legislation in violation of the prohibitions on the power of the Legislature, contained in sections 16 and 29 of article 1 of our State Constitution, as applied to contracts existing at the time of said enactment? This identical question was considered by the Supreme Court of this state, in the case of Langever v. Miller, 76 S.W.(2d) 1025, 96 A.L.R. 836, and in a very elaborate opinion, by Chief Justice Cureton, this enactment was held to be invalid, as applied to similar cases, to the one at bar, and is controlling. The reported case is referred to for a discussion of the questions involved on this appeal, and the case is affirmed.

Affirmed.